IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JENNIFER FITZPATRICK**                                                                                          **PLAINTIFF**

vs.                                                              No. 1:20-cv-468

**VAN BUREN COUNTY**                                                                                          **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Jennifer Fitzpatrick ("Plaintiff"), by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Van Buren County ("Defendant"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours in excess of forty (40) hours per week.

2.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Michigan has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts alleged in this Complaint had their principal effect within the Southern Division of the Western District of Michigan, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and a resident and resident of Van Buren County.

6. Defendant is a geographic and political subdivision of the State of Michigan.

7. Defendant operates the Human Resources department in which Plaintiff was employed within the three years preceding the filing of this lawsuit.

8. Defendant can be served through the Van Buren County Judge, who is Kathleen M. Brickley, at the Van Buren County Courthouse, 212 Paw Paw Street, Paw Paw, Michigan 49079.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

10. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

11. As an employee of Defendant, Plaintiff was an employee of a public agency, and is therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 201, *et seq.*

12. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

14. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

15. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case

16. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203, at all times relevant to this lawsuit.

17. At all times material herein, Plaintiff has been misclassified by Defendant as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

18. At all relevant times herein, Defendant directly hired Plaintiff to work at its office, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

19. Plaintiff was employed by Defendant as a Benefits Coordinator from September of 1999 until May of 2020.

20. Plaintiff's job duties included on-boarding new hires, explaining benefits to new hires, paying insurance bills, administering insurance and disability paperwork and updating the county's website.

21. Plaintiff did not have the authority to hire or fire any other employee, nor were her recommendations for hiring or firing given particular weight.

22. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

23. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

24. Plaintiff regularly worked over forty (40) hours per week.

25. Defendant did not pay Plaintiff one and one-half times her regular rate of pay for hours worked over forty (40) per week.

26. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of her hours worked over forty (40) per week.

27. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. CAUSE OF ACTION—Violation of the FLSA

28. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

29. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

30. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

31. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

32. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

33. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

34. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

35. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

36. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jennifer Fitzpatrick respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E. Judgment for liquidated damages pursuant to the FLSA;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G. For a reasonable attorney's fee, costs, and interest; and

H. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JENNIFER FITZPATRICK**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com